No. 49.—THOMAS DOZIER, sen. plaintiff in error, vs. THOMAS H. DOZIER, defendant.

[1.] In a motion for a new trial, three grounds were assumed : that the verdict was contrary to the evidence; that it was contrary to the weight of evidence ; and that it was contrary to the charge of the Court. The Court granted the motion. The verdict was, in fact, supported by the evidence: *Held*, that the Court erred.

Motion for new trial, from Marion. Decided by Judge WORRILL, March Term, 1856.

Thos. Dozier, sen. brought his action against Thos. H. Dozier to recover the sum of $463, with interest due upon a promissory note dated March 31st, 1851, and due " at one day after date."

Pleas of usury, setting forth the several transactions out of which the usury arose, were filed. Upon the trial, the plaintiff having offered the note in evidence and closed, the defendant introduced the following proof:

SEABORN DOZIER testified, that he had heard plaintiff say he, plaintiff, had loaned defendant a sum of money; thinks some four or five hundred dollars—not certain as to the amount—for which defendant was to pay plaintiff twelve and a half per cent. per annum. This conversation took place some fifteen or sixteen years ago, in Warren County.

Cross-examined : Said defendant was his own brother ; does not know that the note sued on is for the money or any part of it, that was referred to. The conversation was introduced in this way : Witness was owing plaintiff some borrowed money, and wished to run the note, which plaintiff agreed to, provided witness would give plaintiff the same rate of interest defendant was giving, to-wit: *twelve and a half per cent.*

THOMAS DOZIER, sen. the plaintiff, testified, that in the year 1836 or 1837, to the best of his recollection, at the re-

quest of his son, he advanced him money and took up a note payable to James Cartledge for $150, and one payable to William Kendrick for $100, both made by his son, the defendant; from the lapse of time and the dullness of his memory, on account of his advanced age, he cannot recollect the dates of the notes or at what time they became due; that at the request of his son, in 1837, he did loan to him the sum of $100 and take his note for the same; but at what time said note was made payable he cannot recollect; recollects that defendant said to him, that he would pay plaintiff ten per cent. according to his recollection, for the use of his money; but does not recollect whether the ten per cent. if that was the rate agreed on, was put into the sum for which the note was given, or was merely the verbal agreement aforesaid; says he has but little learning, and defendant wrote the note; says his recollection is, though he cannot be certain that there was, at no subsequent renewal of said notes, more than the lawful interest charged and paid, or agreed to be paid, by the defendant, on the amount of money advanced for said notes; that afterwards, perhaps in the year 1838, at the pressing request of defendant, and for the purpose of ennabling him to complete his medical education, he loaned defendant another $100; and some time before or afterwards, $40 more for the same purpose; that his son, according to his recollection, but he cannot be certain, gave him his one note for all the sums of money which he had advanced for and loaned to him; but the date of said note, or when it became due, or for what amount it was given, he cannot remember; nor can he the rate of interest which his son, the defendant, agreed to allow him, but the impression on his mind is, that it was 8 per cent. the then legal rate of interest.

These are all the sums he recollects having loaned defendant. Admits that he did allow his son $112, or about that amount, in an exchange of horses; but the time when does not recollect; also, that he was indebted to defendant a small amount, not recollected, for store account and medical services; does not know when said accounts were contracted.

Dozier *vs.* Dozier.

Admits that defendant paid him $219 on said note; can‑ not state the time; thinks it was in the year 1846, as the note he held had nearly run out of date. Admits defendant paid him about $30 in, he thinks, 1851; and that the note. sued on was given by defendant in renewal of the aforesaid demands, after deducting the credits.

The Jury found a verdict for the plaintiff, for the full amount due, upon the note sued on.

Whereupon, defendant, by his Counsel, moved a rule for a new trial, on the ground :

1st. Because the Jury found contrary to the charge of the Court.

2d. Because they found contrary to the evidence.

3d. Because they found contrary to the weight of evidence.

After argument had, the Court ordered the rule to be made. absolute, and granted a new trial, and plaintiff excepted.

INGRAM & CRAWFORD, for plaintiff in error.

BLANDFORD & CRAWFORD, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The Jury, in this case, found that there was no usury in the note. The Court granted a new trial on the motion of the defendant—a motion put on three grounds: that the verdict was contrary to the charge of the Court, contrary to the evidence, and contrary to the weight of the evidence.

Ought the motion to have been granted? We think not.. The evidence shows that there was no usury in the note.

This is made clear by the annexed statement of Mr. Stubbs, founded on the evidence—a statement prepared by him at the request of the Court, and for which the Court is much obliged to him.

And, if there was no usury in the note, the verdict cannot be against the evidence or against the weight of the evidence,

nor can it be against any charge of the Court that was a proper charge.

We therefore reverse the judgment of the Court below...

---

## STATEMENT OF MR. STUBBS.

*THOMAS H. DOZIER, Sen.*
        *plaintiff in error.*
                *vs.—*                    } From Marion Sup. C't.
*THOMAS H. DOZIER,*
        *defendant in error.*

Note sued on $463, dated 31st March, 1851, at one day...
PLEA—USURY.

Taking the answers of plaintiff as to the respective sums advanced for and loaned to defendant at different times— $150, $100, $40, $100, $100, make it          $490 00

Defendant, in his plea, makes it, in the whole     500 00

As the respective times as to advances and loans, are not definitely stated in plaintiff's answers, I divide or average the time and say—

| | |
|---|---|
| Advanced on 1st January, 1837, | 250 00 |
| Interest on $250 from 1st Jan. '37 to 1st Oct. '39, | 55 00 |
| Advanced, on 1st July, 1837, | 100 00 |
| Int. on $100 from 1st July, '37, to 1st Oct. '39, | 18 00 |
| Advanced, say 1st July, 1838, | 140 00 |
| Interest on $140 from 1st July, '38, to 1st Oct. '39, | 14 00 |
| | |
| Credits, | 577 00 |

There being no time proven as to when the credits should be allowed, I have resorted to defendant's plea, and have ta-

Dozier *vs.* Dozier.

ken his statements, as to time and amounts, as true, and allow him—

1839

Oct. 1st. By exchange of horses,                    $112 50

Due plaintiff 1st Oct. '39,                          464 50
Int. on $464 50, from 1st Oct. 39, to 15th M'ch '46,  239 98

Am't car'd forw'd, and due plaintiff 15 M'ch, '46,    704 48
1846
March 15th.  By cash,                                 219 00

                                                      485 48
Interest on $485 48, from 15th March, '46, to 31st
    March, 1851, at 7 per cent.                       172 54

Note,                                                 657 02
    The small credits of $18 and $12 do not, when made, taking the defendant's plea as giving the true date of the respective credits, extinguish the interest then due; consequently, cannot be so deducted as to reduce the principal sum.  I therefore allow them, without interest.  Say—
Store account,                 $18
Medical bill,                   12
    1851
March 31. By cash,              30
                               —                       60 000

Due plaintiff 31st March, 1851,                      597 02
    stating the account average time.
Due plaintiff, 31st March, 1851,                     535 62
    giving all doubt as to time to defendant.
    All of which is respectfully submitted.
                                        T. P. STUBBS.
    To the Hon. Judges Sup. Ct. Macon, Ga.

*Same amounts stated most unfavorably for plaintiff, as to
    time :*

Giving defendant the benefit of all doubt as to the time
when the respective sums were advanced for and loaned to
defendant—

| | | |
|---|---:|---:|
| Advanced on 25th Dec. 1837, | $250 | 00 |
| Int. on $250 from 25th Dec. '37, to 1st Oct. '39, | 35 | 82 |
| Advanced to defendant 25th Dec. 1838, | 100 | 00 |
| Int. on $100 from 25th Dec. '38, to 1st Oct. '39, | 6 | 00 |
| Advanced to defendant 15th March, '38, | 140 | 00 |
| Int. on $140 from 15th March, '38, to 1st Oct. '39, | 16 | 45 |
| | 548 | 27 |
| 1839 | | |
| Oct. 1st.   Credited by exchange of horses, | 112 | 50 |
| | 435 | 77 |
| Interest on $435 77 from 1st October, 1839, to 15th March, 1846, 6 years 5½ months, | 225 | 08 |
| | 660 | 85 |
| 1846 | | |
| March 15th. By cash, | 219 | 00 |
| | 441 | 85 |
| Interest on $435 77, from 15th M'ch, 1846, to 31st March, 1851, date of note sued on, at 7 per cent. 5 years and 15 days, | 153 | 77 |
| | 595 | 62 |

CR.

| | | | |
|---|---:|---:|---:|
| Medical bill, | $12 | | |
| Store account, | 18 | | |
| 1851 | | | |
| March 31. By cash, | 30 | | |
| | — | | |
| | | 60 | 00 |
| Due plaintiff 31st March, 1851, | | 535 | 62 |